IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14–cv–00329–REB–KMT

RAFAEL TORRES, JR.,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO, STATE OF COLORADO,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on the "County Defendant's Motion to Dismiss Amended Complaint (Doc. No. 23 Pursuant to Fed. R. Civ. P. 12(b)96) and 8(a)" (Doc. No. 28 [Mot.], filed June 12, 2014), to which Plaintiff filed his response on June 30, 2014 (Doc. No. 30 [Resp.]) and Defendant filed its reply on July 8, 2014 (Doc. No. 31 [Reply]).  This motion is ripe for recommendation and ruling.

### STATEMENT OF THE CASE

In his Complaint, Plaintiff alleges the defendant discriminated against him because of his gender and race, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000(e). (*See* Doc. No. 23 [Compl.].)  Plaintiff also alleges the defendant retaliated against him, also in violation of Title VII. (*See id.*)  Specifically, Plaintiff states he began working for the El Paso

County Department of Human Services in March 2012. (*Id.*, ¶ 13.) Plaintiff alleges shortly thereafter a female employee made "inappropriately 'sexual' " comments to him. (*Id.*, ¶ 14.) Plaintiff alleges he reported the comments to his supervisor, but rather than disciplining the employee who made the comments, Plaintiff was immediately treated differently and adversely. (*Id.*, ¶ 15.) Plaintiff alleges no action was taken by Defendant to cure the harassment. (*Id.*, ¶ 16.) Plaintiff contends he was "subjected to and adverse employment from his direct and immediate supervisor," who treated him differently than non-Hispanic employees. (*Id.*) Plaintiff states his employment was terminated in December 2012. (*Id.*, ¶ 17.)

Defendant moves to dismiss Plaintiff's Complaint on the basis that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) and 8. (*See* Mot.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

      Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

*1.     Claim One for Title VII Violation*

Under Title VII,

> It is unlawful to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing 42 U.S.C. § 2000e–2(a)) (internal quotations omitted).

   *A.     Gender Discrimination*

To state a gender discrimination claim, Plaintiff must set forth a *prima facie* case by showing (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *Khalik*, 671 F.3d at 1192. However, in a situation where the plaintiff is a not a member of a traditionally protected class, the Tenth Circuit has found that the protected-class requirement for a *prima facie* case under *McDonnell Douglas Corp. v. Green* is substituted for the requirement that the plaintiff show facts to support an inference that "the defendant is one of those unusual employers who discriminates against the majority." *Notari v. Denver Water Dept.*, 971 F.2d 585, 589 (10th Cir. 1992). *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1149 (10th Cir. 2008) ("When plaintiff is a member of a historically favored group, by contrast, an inference of invidious intent is warranted only when 'background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority.' ")(quoting *Notari*, 971 F.2d at 589). As stated in *Khalik*, a plaintiff is not required to make out a *prima facie* case to survive a Rule 12(b)(6) motion, but

setting forth the elements in the Complaint helps the court determine if the plaintiff has a plausible claim.  The Tenth Circuit further stated in *Khalik* that "plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (internal quotations and citations omitted).

Upon a review of Plaintiff's Complaint, and construing the factual allegations in the light most favorable to Plaintiff, the court finds that Plaintiff has not sufficiently pleaded a gender discrimination claim.  The only allegation regarding a gender discrimination claim is that a female employee made "inappropriately 'sexual' " comments to him shortly after he was hired. (Compl, ¶ 14.)  Even if the court construes this as true, Plaintiff fails to set forth sufficient allegations showing but for his gender, he would not have been terminated from his position. Moreover, Plaintiff has failed to allege any facts to support an inference that "the defendant is one of those unusual employers who discriminates against the majority." *Notari*, 971 F.2d at 589.  The Court finds Plaintiff's allegation of gender discrimination is of the general nature referred to by the *Khalik* court and, further, is conclusory and devoid of the further factual enhancement needed for a plausible claim.

Accordingly, Plaintiff's gender discrimination claim should be dismissed.

### B.    *Race Discrimination*

To show that a plaintiff has been terminated because of his race under Title VII, he must show that (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.  *EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).

The first and second prongs of the *prima facie* standard are met.  As a Hispanic employee, Plaintiff is a member of a protected class, and Plaintiff's termination constitutes an adverse employment action.  Thus, the only issue is whether Plaintiff has shown that his termination occurred under circumstances giving rise to an inference of discrimination.  However, Plaintiff's only allegation regarding alleged racial discrimination is that his supervisor treated him differently than non-Hispanic employees.  (*Id.*, ¶ 20.)  This allegation is not entitled to the assumption of truth because it is merely conclusory.  *Iqbal*, 129 S. Ct. at 1949-51.

Thus, Plaintiff's racial discrimination claim should be dismissed.

*2.     Claim Two for Retaliation*

Title VII prohibits an employer from retaliating against an employee for making a claim of discrimination or otherwise opposing discrimination.  *See* 42 U.S.C. § 2000e-3(a).  To prevail on a Title VII retaliation claim, a plaintiff must show "that retaliation played a part in the employment decision . . . ."  *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008).  To satisfy his *prima facie* burden on a retaliation claim, Plaintiff must show that 1) he engaged in protected opposition to discrimination; 2) his employer subsequently took action that a reasonable employee would have found materially adverse—that is, that the action might dissuade a reasonable worker from making or supporting a charge of discrimination; and 3) there is a causal connection between his protected activity and the adverse action.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006); *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 803 (10th Cir. 2007).  To state a plausible claim for relief on his retaliation claim, Plaintiff must allege facts which, if true, would establish these elements.

An adverse employment action is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hillig v. Rumsfeld*, 381 F.3d 1028, 1032-33 (10th Cir. 2004).  Further, "unless there is very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation." *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001).  To the extent Plaintiff alleges he was "immediately treated differently and adversely" after he reported the allegedly sexual comments in approximately March 2012 (*see* Compl. ¶ 15), Plaintiff fails to allege any significant change in his employment status at that time.  Moreover, Plaintiff's allegation that he was terminated in December 2012 after reporting the allegedly sexual comments in March 2012 (*see id.*, ¶ 25) is insufficient to show retaliation based on the alleged report.  *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) ("[W]e have held that a one and one-half month period between protected activity and adverse action may, by itself, establish causation. By contrast, we have held that a three-month period, standing alone, is insufficient to establish causation.")  Plaintiff's Complaint is devoid of any other facts to support a claim for retaliation.

Therefore, Plaintiff's retaliation claim should be dismissed.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "County Defendant's Motion to Dismiss Amended Complaint (Doc. No. 23 Pursuant to Fed. R. Civ. P. 12(b)96) and 8(a)" (Doc. No. 28) be **GRANTED** and that this case be dismissed in its entirety.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of October, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge