IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00329–REB–KMT

RAFAEL TORRES, JR.,

Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO, STATE OF COLORADO,

Defendant.

---

**ORDER**

---

This matter is before the court on the "County Defendant's Motion to Compel Discovery" (Doc. No. 40 [Mot.], filed October 7, 2014). Despite this court's order that Plaintiff file a response no later than October 21, 2014 (Doc. No. 42), Plaintiff failed to do so.

The Defendant seeks to compel clarification regarding some of Plaintiff's responses to County Defendant's First Set of Interrogatories and additional documents referenced in Plaintiff's prior answers that Plaintiff failed to produce. (*See* Mot., ¶ 3 & Ex. B.) Defendant also seeks to compel responses to its Second Set of Interrogatories to Plaintiff, which Defendant sent to Plaintiff on August 28, 2014. (*See id.*, ¶ 4 & Ex. C.) Plaintiff did not respond to Defendant's letter requesting clarification or to Defendant's Second Set of Interrogatories. (*Id.*, ¶ 5.) Plaintiff's failure to raise an objection in response to the motion to compel may be deemed a

waiver of that objection. *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005). Therefore, upon a review of the Motion to Compel, and being fully advised in the premises, Defendant's Motion to Compel is granted.

Moreover, Plaintiff bears the responsibility of complying with court orders and prosecuting his case. The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*,

167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.' " *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Based upon the foregoing, it is

**ORDERED** that the Motion to Compel (Doc. No. 40) is **GRANTED**. On or before **November 12, 2014**, Plaintiff shall provide clarification regarding his responses to County Defendant's First Set of Interrogatories, as well as the additional documents referenced in Plaintiff's prior answers that Plaintiff failed to produce, as requested in Defendant's August 28, 2014, letter to Plaintiff. On or before **November 12, 2014**, Plaintiff also shall answer in full and respond to Defendant's Second Set of Interrogatories. It is further

**ORDERED** that Plaintiff shall file a Status Report on or before **November 14, 2014**, to advise if he has complied with this court's Order granting the Motion to Compel and, if not, Plaintiff shall show cause in writing why his Complaint should not be dismissed for failure to prosecute his case and for failure to comply with court orders. Plaintiff is hereby warned that failure to comply with the Order granting the Motion to Compel and failure to file a Status Report will result in a recommendation that this case be dismissed, with prejudice, in its entirety, pursuant to Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2) and 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). It is further

**ORDERED** that Defendant is awarded costs and attorney fees, against Plaintiff, incurred in pursuing this Motion to Compel and the prior Motion to Compel (Doc. No. 32). *See* Fed. R. Civ. P. 37(a)(5). Defendant shall, on or before **November 12, 2014**, submit an accounting for

reasonable costs associated with the preparation and presentation of the motions, including attorney's fees . Any objections to the reasonableness of the amount claimed shall be filed on or before **November 26, 2014**.

Dated this 22nd day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge