**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00329-REB-KMT

RAFAEL TORRES, JR.,

      Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO, STATE OF
COLORADO,

      Defendant.

---

**ORDER ADOPTING  RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge**

[#43],[1] filed October 21, 2014.  No timely objection having been filed to the recommendation, I

review it only for plain error.  ***See Morales-Fernandez v. Immigration & Naturalization***

***Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).

Finding no such error in the magistrate judge's recommended disposition, I find and

conclude that the recommendation should be approved and adopted.  Plaintiff's suggestion that

the general and wholly conclusory allegations of the Amended Complaint are sufficient to

withstand a motion to dismiss evidences a profound misunderstanding of the current state of the

law governing motions under Rule 12(b)(6).  ***See, e.g.***, ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 ,

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting that mere "labels and conclusions or a

formulaic recitation of the elements of a cause of action" are not sufficient to defeat a motion to

dismiss); ***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some

---

[1]  "[#43]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement

of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim

rests.") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167

L.Ed.2d 929 (2007)) (internal citations and footnote omitted).  ***See also Ridge at Red Hawk,***

***L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) ("[T]he complaint must give the court

reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims.") (emphases in original).  Because plaintiff's Amended Complaint utterly fails to

meet these standards, his claims are properly dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#43], filed October

21, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That **County Defendant's Motion To Dismiss Amended Complaint (Doc. No. 23)**

**Pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a)** [#28], filed is June 12, 2014, is **GRANTED**;

3.  That plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**; and

4.  That judgment without prejudice **SHALL ENTER** on behalf of defendant, the Board of

County Commissioners of the County of El Paso, State of Colorado, and against plaintiff, Rafael

Torres, Jr., as to all claims and causes of action asserted herein.

Dated November 20, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge