IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00329–REB–KMT

RAFAEL TORRES, JR.,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO, STATE OF COLORADO,

    Defendant.

---

## ORDER
---

This matter is before the court on the "County Defendant's Accounting of Reasonable Costs and Attorney's Fees" (Doc. No. 46, filed November 12, 2014).

On October 22, 2014, this court granted the "County Defendant's Motion to Compel" (Doc. No. 40). The court awarded Defendant costs and attorney fees incurred in pursuing the Motion to Compel and a prior Motion to Compel (Doc. No. 32). (Doc. No. 40.) The court ordered Defendant to, on or before November 12, 2014, submit an accounting for reasonable costs associated with the preparation and presentation of the motions, including attorney's fees. (*Id.*) The court also ordered Plaintiff to file any objections to the reasonableness of the amount claimed on or before November 26, 2014. (*Id.*) Defendant filed its submission regarding costs and fees on November 12, 2014, requesting a total award of $390.00. (Doc. No. 46.) Defendant

did not file an objection to either the original award of sanctions or to the amount claimed by Defendant.

Defendant requests fees in the amount of $390.00 for the time expended in preparing the motion to compel.  In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee.  The lodestar calculation is the product of a number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id.* at 1281.  The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community."  *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

Defendant's attorneys spent 2.6 hours in preparing the motions to compel.  (*See* Doc. No. 46.)  This court finds that the total number of hours claimed in connection with the motions to compel are reasonable and were necessary under the circumstances.  Similarly, this court concludes that the hourly rate, $150.00 per hour, charged by Defendant's attorneys is reasonable and comes within the prevailing rate in the Denver, Colorado, area for attorneys of similar experience.

Therefore, it is

**ORDERED** that the amount of $390.00 is hereby awarded to Defendant and against Plaintiff and his counsel.  The total amount of the sanction shall be remitted by certified funds

payable in full to the Office of the County Attorney of El Paso County, Colorado, on or before January 12, 2015.

Dated 10th day of December, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge